UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-02250-KK-SSCx** | Date: | September 18, 2026 |
| --- | --- | --- | --- |
| Title: | ***Ryan Abair v. Neiman Marcus, et al.*** | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
| --- | --- |

| Dominique Carr | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute and Failure to State a Claim**

## I.
## PROCEDURAL HISTORY

On July 23, 2026, pro se plaintiff Ryan Abair ("Plaintiff"), proceeding in forma pauperis[1], filed a Corrected First Amended Complaint ("FAC"), asserting 40 claims against over 500 defendants ("Defendants") related to alleged copyright infringement. ECF Docket No. ("Dkt.") 51, FAC.

On September 1, 2026, the Court screened the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8"). Dkt. 64, Order. In the Order, the Court directed Plaintiff to file a Second Amended Complaint ("SAC") consistent with Rule 8 "no later than fourteen days from the date of [the] Order," and lodge as an exhibit a redlined version of the amended pleading indicating all additions and deletions of material. Id. at 4. The Court further "explicitly warned" Plaintiff "**failure to file an amended complaint that complies with Rule 8 and adequately states a claim against all named defendants will result in dismissal without leave to amend.**" Id. (citing Fed. R. Civ. P. 41(b)).

As of the date of this Order, Plaintiff has not filed an amended complaint as ordered. Rather, on September 8, 2026, Plaintiff filed what appears to be a redlined copy of the FAC striking

[1] On July 13, 2026, the Court granted Plaintiff's request to proceed in forma pauperis. Dkt. 47.

various defendants and claims. See Dkt. 68. Notably, the document does not cure any of the deficiencies identified by the Court in its September 1, 2026 Order. Among other things, the redlined copy of the FAC does not identify any "specific factual allegations" providing "each defendant both adequate notice of the claims against them and the grounds upon which each claim rests." See Order at 3 (citing Gibson v. City of Portland, 165 F.4th 1265, 1288 (9th Cir. 2026)).

Thus, Plaintiff failed to file a SAC consistent with the requirements set forth in the Court's September 1, 2026 Order. See id. at 4. Moreover, even if Plaintiff had filed a clean copy of the SAC in compliance with the Order, Plaintiff provided no additional material curing the deficiencies identified by the Court, and thus again fails to satisfy Rule 8. See Fed. R. Civ. P. 8.

Accordingly, the Court hereby **DISMISSES** this action **for failure to prosecute and comply with Court orders**.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not filed a response complying with the Court's September 1, 2026 Order. Compare Order at 4 with Dkt. 68. First, Plaintiff has failed to file a SAC as ordered. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.[2]

---

[2] Moreover, even if Plaintiff had filed a clean copy of the redlined SAC, the amended complaint remains deficient. In the Court's September 1, 2026 Order, the Court found the FAC violated Rule 8 because it did not include any specific factual allegations supporting the claims and thus directed Plaintiff to file a SAC consistent with Rule 8. Order at 4. The redlined copy of the FAC merely strikes various defendants and claims but adds no additional factual allegations. Dkt. 68. As the Court explained in its September 1, 2026 Order dismissing the FAC, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). And because courts should freely grant leave to amend a complaint dismissed for failure to state a claim, Fed. R. Civ. P.

The third factor – prejudice to the defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Order at 4. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown Plaintiff is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Order at 4.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action **WITHOUT LEAVE TO AMEND** for failure to prosecute and comply with Court orders, and failure to state a claim. Fed. R. Civ. P. 8, 41(b). **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.

**IT IS SO ORDERED.** (JS-6)

---

15(a)(2), the Court directed Plaintiff to file a SAC stating "sufficient allegations of underlying facts." Starr, 652 F.3d at 1216. The court may dismiss without leave to amend, however, "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted). Here, Plaintiff has filed a complaint or amended complaint no fewer than five times, yet has not cured the deficiencies identified by the Court. See Dkts. 1, 4, 14, 51, 68. Therefore, dismissal without leave to amend is warranted.